# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **HALEY MARIE CANTRELL ADKINS, ET AL.,** ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> **COMMONWEALTH OF VIRGINIA, ET AL.,** ) <br> ) <br> Defendants. ) | Case No. 2:21CV00031 <br><br> **OPINION AND ORDER** <br><br> JUDGE JAMES P. JONES |

*Timothy W. McAfee, MCAFEE LAW FIRM, PLLC, Big Stone Gap, Virginia, for Plaintiffs; Steven R. Minor, ELLIOT LAWSON & MINOR, Bristol, Virginia, for Defendants Collins and Meade; Sheri H. Kelly, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, Abingdon Virginia, for Defendant Commonwealth of Virginia.*

In this civil case, the plaintiffs, Haley Marie Cantrell Adkins and Andrew Jordan Adkins, assert claims against the Commonwealth of Virginia ("Commonwealth"), Paula Meade Hill Collins and Michael Meade, pursuant to 42 U.S.C. § 1983, alleging violations of the Fourteenth Amendment, as well as pendant claims under the Virginia constitution. The defendants Collins and Meade have moved to dismiss the Complaint for failure to state a claim and lack of subject-matter jurisdiction. After voluntarily dismissing their claims against the Commonwealth,

the plaintiffs have moved to file an Amended Complaint.[1]  For the reasons stated, I will grant defendants Collins and Meade's Motion to Dismiss and deny the Motion to File an Amended Complaint.

I.

This case arises from a dispute between the legal parents and the paternal grandparents of a minor child concerning visitation rights.  The Complaint alleges the following facts, which I must accept as true for purposes of deciding the Motion to Dismiss.

Plaintiffs Haley and Andrew Adkins are the child's biological mother and adoptive father.  Defendants Paula Collins and Michael Meade ("grandparents") are the child's paternal grandmother and grandfather. On January 6, 2020, the child's biological father, David Shane Meade, passed away.  Later that same year, the grandparents, who are David Meade's mother and adoptive father, petitioned the Wise County, Virginia, Juvenile and Domestic Relations (JDR) District Court for an order granting them visitation rights to the child.  Haley Adkins, who has had sole physical custody of the child since 2019, opposed the visitation and moved to

---

[1] Under the federal rules, the plaintiffs were not required to file the motion to voluntarily dismiss their claims against the Commonwealth.  "[A] plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). No answer or motion for summary judgment has been filed by the Commonwealth. In light of the fact that they did file a motion, the court will construe it as a notice of dismissal and terminate the motion as moot.

dismiss the claim, arguing that the grandparents had conceded she was a "fit parent" and had failed to demonstrate that "actual harm" would result if visitation were denied. The JDR District Court granted Adkins' motion. The grandparents appealed, and their petition remains pending before the Wise County Circuit Court.

While that litigation was ongoing, the Virginia General Assembly enacted a bill, approved by the Governor, to provide additional rights for a grandparent seeking visitation with their minor grandchildren. Va. Code Ann. § 20-124.2.B2 (Supp. 2021). Paula Collins had successfully lobbied in support of the bill, including meeting with individual lawmakers. In brief, the law allows a grandparent to bypass the "actual harm" requirement by introducing evidence that the grandchild's deceased or incapacitated parent, who is related to the grandparent, consented to the visitation. If the grandparent can prove by a preponderance of the evidence such parent's consent, the court may consider whether grandparent visitation is in the best interest of the child. The law went into effect on July 1, 2021. The defendants Paula Collins and Michael Meade indicated that they intend to invoke this new provision in their action pending in Virginia state court. The plaintiffs, concerned that the defendants may benefit from the favorable changes to the law, have sought relief in this court.

The plaintiffs have asserted five claims in the Complaint. They allege due process violations under the Fourteenth Amendment (Count 1) and the

corresponding provision of the Virginia Constitution (Count 2). Specifically, the plaintiffs claim that section 20-124.2.B2 is unconstitutional because the statute would allow a grandparent to obtain visitation rights without first showing that the custodial parent is "unfit," or that "actual harm" will result if visitation is denied. The plaintiffs also seek a declaratory judgment on the constitutionality of the new Virginia legislation (Count 3), a temporary and permanent injunction against its enforcement by any Virginia state court (Count 4), and attorneys' fees and costs (Count 5). Compl. 8–10, ECF No. 1.

Defendants Collins and Meade have moved to dismiss the Complaint, arguing that the plaintiffs have failed to state a claim under § 1983 because the defendants are not "state actors." Alternatively, they maintain that the plaintiffs lack standing to sue and that the court lacks subject-matter jurisdiction. Regardless, they argue that this court should abstain from intervening in an ongoing state-court proceeding under either the *Rooker-Feldman* or *Younger* doctrines. As to the state law claims, they urge this court to decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c).

The plaintiffs have filed a Motion to File an Amended Complaint, pursuant to Federal Rule of Civil Procedure 15(a), maintaining their claims against defendants Collins and Meade. Defendants Collins and Meade have moved to dismiss the First Amended Complaint, to which the plaintiffs have responded that such a motion is

premature.² The parties have fully briefed the issues and the matter is now ripe for decision.³

## II.

### A. DEFENDANTS' MOTION TO DISMISS.

Federal courts' jurisdiction extends only to "cases" and "controversies," and no case or controversy exists if a plaintiff lacks standing to sue. *Raines v. Byrd*, 521 U.S. 811, 818 (1997). The court must determine questions of subject-matter jurisdiction before it can address the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). Thus, when a party moves to dismiss for lack of subject-matter jurisdiction and for failure to state a claim, the court must address the question of subject-matter jurisdiction first. *Bell v. Hood*, 327 U.S. 678, 682 (1946).

---

² Under Federal Rule of Civil Procedure 15(a)(1), a party "may amend its pleading once as a matter of course" either "21 days after serving it," or if "a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b)." Here, more than 21 days have passed since the plaintiffs served their original Complaint, and since the defendants filed a motion to dismiss under Rule 12(b), the plaintiffs therefore were required to seek the court's leave to file an amended complaint. Fed. R. Civ. P. 15(a)(2). Accordingly, the defendants' Renewed Motion to Dismiss was premature, as this court had yet to rule on the plaintiffs' pending motion. However, the defendants' motion is more aptly construed as a response in opposition to the motion to amend. I therefore will consider the plaintiffs' proposed Amended Complaint and the defendants' arguments on this basis.

³ I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

To establish standing, plaintiffs must show (1) that they have suffered a concrete and particularized injury-in-fact, or they will suffer an imminent injury, (2) that is fairly traceable to the challenged conduct of the defendant and (3) that is likely to be redressed by a favorable judicial decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

As to the first element, the Supreme Court has clarified that concreteness and particularity are two separate requirements that must both be satisfied. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339–40 (2016). To be concrete, an injury "must actually exist" — it must be "real, and not abstract." *Id.* at 340 (internal quotation marks and citations omitted). "[A]n alleged harm is too speculative to support Article III standing when the harm lies at the end of a highly attenuated chain of possibilities." *South Carolina v. United States*, 912 F.3d 720, 727 (4th Cir. 2019), *cert. denied*, 140 S. Ct. 392 (2019) (internal quotation marks and citation omitted).

In this case, the plaintiffs do not have standing because they failed to allege that they have or will imminently suffer a concrete injury. They assert only that the defendants intend to seek application of section 20-123.2.B2 in the pending litigation in the Wise County Circuit Court. Presumably, they are concerned that the changes in the law, which provide additional rights to grandparents in visitation-rights disputes, could result in visitation ultimately being granted over their objections without a showing of actual harm or finding of "unfitness" of a custodial parent.

However, in order for the plaintiffs' concerns to come to fruition, it would require a number of necessary steps, namely that the Wise County Circuit Court will find, by a preponderance of the evidence, that the child's deceased father had consented to the grandparents' visitation, and that visitation is in the best interests of the child. The plaintiffs may have valid concerns about the impact of section 20-123.2.B2 in their case, but at this time they simply cannot predict how the Wise County Circuit Court will rule. In other words, their concerns are pure speculation, and speculation cannot carry the day. The Supreme Court has repeatedly voiced its reluctance "to endorse standing theories that require guesswork as to how independent decisionmakers will exercise their judgment." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 413 (2013). The plaintiffs therefore have not stated a cognizable injury sufficient to establish standing.

B. Plaintiff's Motion to File an Amended Complaint.

Even if the plaintiffs had standing to bring suit, I still find that the Complaint does not establish a plausible claim under 42 U.S.C. § 1983, and that further amendment of the Complaint would be futile.[4]

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim. *Edwards v. City of*

---

[4] The plaintiffs earlier filed a Motion to Amend to simply make clear that all plaintiffs were seeking the relief sought. ECF No. 9. I will grant that motion.

*Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). The court must accept as true all well-pleaded facts and construe those facts in the light most favorable to the plaintiff. *Id.* at 678.

To state a claim under § 1983, a plaintiff must allege "(1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law." *Jenkins v. Medford*, 119 F.3d 1156, 1159–60 (4th Cir. 1997). In *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982), the Supreme Court set forth the general framework for determining whether a party is acting "under color" of state law for purposes of § 1983:

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the Sstate or by a person for whom the State is responsible. . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

*Id.* at 937.

However, a "private party's mere invocation of state legal procedures" does not "constitute[] joint participation or conspiracy with state officials," or an act "under color of" state law. *Id.* at 939 n.21 (internal quotation marks and citation

omitted). "[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis v. Sparks*, 449 U.S. 24, 28 (1980).

Here, the plaintiffs claim that defendants Collins and Meade have "conspired and acted in concert together to have the Virginia General Assembly to enact new provisions" that are unconstitutional, and thus, the defendants have acted under color of state law. Pls.' Mot. to File Am. Compl. Ex. First Am. Compl. ¶ 36, ECF 15-1.[5] They contend that Paula Collins "willfully met with individual members of the General Assembly" to pass section 20-124.2.B2, and "[w]ith the aid of the Virginia Courts," the defendants are "actively engaged in the use of the newly enacted statutory provisions" to deprive the plaintiffs of due process, specifically with regard to the pending litigation in the Wise County Circuit Court. *Id.* ¶¶ 27, 31.

I find that the plaintiffs' claims have failed to allege any facts to support the contention that the defendants acted under color of state law. Merely advocating in support of new legislation, including meeting with lawmakers, does not amount to conspiring or engaging in joint action with state officials. *Lugar*, 457 U.S. at 939, n.21. Moreover, if merely "being on the winning side of a lawsuit" does not turn a

---

[5] The plaintiffs further explain in greater detail their theory of liability against the defendants in their proposed First Amended Complaint. For purposes of considering the plaintiffs' motion to file an amended complaint, and to determine whether leave to amend would be futile, I will consider the factual allegations set forth in both filings.

private party into a "joint actor," *Dennis*, 449 U.S. at 28, then surely successfully lobbying for favorable legislation, without even prevailing in court, is also insufficient. In sum, I find that granting leave to amend the Complaint would be futile, as the plaintiffs still failed to state a claim.

### C. STATE LAW CLAIMS.

Because I have dismissed all federal law claims, I will decline to exercise supplemental jurisdiction over the plaintiffs' state law claims, pursuant to 28 U.S.C. § 1367(c)(3).

### III.

For the foregoing reasons, it is **ORDERED** as follows:

1. Plaintiffs' Motion to Amend, ECF No. 9, is GRANTED;

2. Plaintiffs' Motion to Amend , ECF No. 15, is DENIED;

3. Plaintiffs' Motion to Voluntary Dismiss, ECF No. 14, construed as a Notice of Dismissal, and the Commonwealth's Motion to Dismiss, ECF No. 12, are both TERMINATED as moot;

4. The Clerk shall terminate Commonwealth of Virginia as a party;

5. Defendants' Motion to Dismiss, ECF No. 4, and Renewed Motion to Dismiss, ECF No. 16, are GRANTED;

6. Plaintiffs' state law claims are DISMISSED without prejudice pursuant to 28 U.S.C. § 1367(c)(3; and

7. A separate judgment in favor of the defendants Collins and Meade will be entered herewith.

ENTER: December 7, 2021

/s/ JAMES P. JONES
Senior United States District Judge